IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| GIUSEPPE BONELLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 305-071 |
| | ) | |
| MICHAEL PUGH, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate incarcerated at McRae Correctional Facility ("MCF") in McRae, Georgia, has filed a petition under 28 U.S.C. § 2241 contesting the execution of his sentence of confinement. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

### I. BACKGROUND

The Federal Bureau of Prisons ("Bureau") has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at MCF, a facility operated by CCA. The contract requires CCA to follow the Bureau Program Statement for Disciplinary Procedures. While incarcerated at MCF, Petitioner committed a disciplinary infraction, which resulted in his appearance before a Disciplinary Hearing Officer ("DHO") and the disallowance of twenty-seven days of "Good Conduct Time" ("GCT"). (Doc. no. 1, p. 3). Petitioner seeks the reinstatement of his GCT.

## II. DISCUSSION

Petitioner raises two grounds for relief in his petition. First, he claims that the Bureau's contract with CCA constitutes an unlawful delegation of the Bureau's authority to house federal prisoners. Second, he argues that under the Bureau's Program Statement 5270.07, authority to disallow GCT in disciplinary proceedings is limited to federal prisons, not state or private prison facilities. Petitioner's two claims are interrelated and will be addressed together.

Petitioner argues that CCA does not meet the regulatory definition of a federal prison or correctional institution, and that it therefore is not authorized to enforce federal regulations providing for the forfeiture of GCT. Documents attached to the petition indicate that a Bureau administrator reviewed Petitioner's disciplinary proceedings and determined that the proceedings were conducted in substantial compliance with the applicable Bureau Program Statement, the weight of the evidence supported the DHO's decision, and the sanctions imposed were appropriate.

The Bureau is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The Bureau's authority in this area may include contracting out the care of prisoners to private facilities. Id. § 4013(a)(3). The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day

2

> management of the local institution or over the details of the custody and care of federal prisoners confined therein.'" . . . . 18 U.S.C. § 4001(b)(1), [provides] that "'[t]he control and management of Federal penal and correctional institutions. . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws. . .'" Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a "Federal" prison.

United States v. Cardona, 266 F. Supp.2d 558, 560 (W.D. Tex. 2003) (internal citations omitted).

Here, Petitioner relies on Cardona to support his contention that MCF, which is run by CCA, is not a "federal" prison. Petitioner points out that the daily management and control of MCF is the responsibility of CCA, not the Bureau. The Bureau has no direct or constructive control over managerial functions at MCF. For these reasons, the Court agrees that MCF is not a "federal" prison.

The Court must now determine whether MCF, as a non-federal facility, may nevertheless impose disciplinary sanctions as delegated by the Bureau. The court in Carabollo-Rodriguez v. Pugh, CV 304-081 (S.D. Ga. June 13, 2005), recognized that "[i]t is well-established that federal agencies may not delegate their statutory authorities to private parties. However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" Id. (citing Ocean Conservancy v. Evans, 260 F. Supp. 2d 1162, 1183 (M.D. Fla. 2003)). Here, the Bureau determined that the disciplinary proceedings and resulting disallowance of GCT were proper. Because the Bureau has retained final decision-making authority in the imposition of disciplinary sanctions, it has not unlawfully delegated

3

its authority to CCA. Petitioner may not obtain relief on this ground.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 28th day of February, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE